IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**DEBRA LEA CLINE,**
        **Plaintiff,**


**v.**                                                **Civil Action No. 5:14-cv-14568**


**CAROLYN W. COLVIN, Commissioner**
**Social Security Administration,**
        **Defendant.**


<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>


This is an action seeking review of the Order of Dismissal by the Commissioner of Social Security, Defendant, denying the Claimant's application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court is Defendant's Motion to Dismiss (ECF No. 8) and Claimant's Opposition to Defendant's Motion to Dismiss (ECF No. 12).

<u>Background</u>

Claimant filed a previous application for DIB on January 4, 2011, alleging an onset date of January 1, 2005 (hereinafter "first claim").  This application was denied at the initial level on March 25, 2011.  Claimant did not request an appeal.

Claimant filed a second application (hereinafter "second claim") for DIB on July 25,

2011, again alleging disability as of January 1, 2005.[1]  This application was denied initially on July 31, 2011, and upon reconsideration on September 17, 2011. Claimant filed a written request for a hearing on October 11, 2011.

On April 22, 2012, Claimant filed a motion seeking to reopen the first claim dated March 25, 2011[2] (ECF No. 12-2).  Claimant's Motion for Reopening requested a new hearing based upon the submission of new medical records[3] from Princeton Community Hospital dated between March 27, 2001, and November 15, 2006, and from Bluefield Regional Medical Center dated February 2, 2005. These new medical records were not previously provided or considered. (*Id.*) Claimant's Motion for Reopening Previous Determination (hereinafter "Motion for Reopening") states that "Because Ms. Cline was unrepresented at the time of each application, we respectfully request that her second application be considered an implied request for reopening" because it included additional evidence in support of her case.  Claimant's Motion for Reopening requested that her first claim dated March 25, 2011, be reopened for consideration along with the pending application for benefits.

In an Order of Dismissal dated June 6, 2013, the ALJ denied Claimant's October 11, 2011, request for a hearing on her first claim.  The ALJ's Order of Dismissal stated that "none of the conditions for reopening set forth in 20 CFR 404.988 is present in this case.  Accordingly, the previous determination remains final and binding" (*See* ECF No. 12-3, Declaration of Kathie Hartt).  The Order of Dismissal states that Claimant is represented by Jerred P. Roth, Esq. and was represented at the time of the denial of her first claim.  The ALJ continued to explain that

---

[1]  The ALJ's Order of Dismissal states that Claimant's application on July 25, 2011, asserts an onset date of August 20, 2004 (*See* Declaration of Kathie Hartt).Claimant, however, asserts her application dated July 25, 2011, alleged "the same onset date as her previous claim" (ECF No. 12-4).  Claimant's initial claim provided an onset date of January 1, 2005.  It appears that the ALJ's Order of Dismissal of Claimant's second claim reports an incorrect onset date.

[2]  A hearing was scheduled for April 23, 2013, but the ALJ did not hold a hearing, instead the ALJ told Claimant's counsel to "submit a brief addressing the issue of *res judicata* (ECF No. 12-1).

[3]  This court does not have copies of said new medical records.

she had "compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim.  Based on this comparison, the undersigned finds that no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues upon a connection with the previously adjudicated period.  … Accordingly, the claimant's rights on the same facts and on the same issues are involved and the doctrine of *res judicata* applies."  The ALJ held that because she found the doctrine of *res judicata* applied, Claimant's request for a hearing on her second claim was dismissed.

On June 27, 2013, Claimant filed a Motion to Vacate Order of Dismissal (hereinafter "Motion to Vacate") regarding the ALJ's June 6, 2013, Order denying a hearing on Claimant's first claim (ECF No. 12-3).  Claimant asserts that the ALJ incorrectly stated that she had representation during her first claim.[4] Claimant was not represented during her first claim. (*Id.*)  Claimant requested the ALJ vacate the Order of Dismissal, reopen the first claim and schedule a hearing.

Claimant asserts that she never received a written Order regarding her June 27, 2013, Motion to Vacate (ECF No. 12-1).  Claimant avers that "the ALJ has denied the claimant's motion to vacate the dismissal via telephone communication from an ODAR[5] representative on August 2, 2013, who explained the ALJ found 'no legal basis' to reopen" (ECF No. 12-4).  On August 4, 2013, Claimant filed a Letter requesting the Appeals Council reverse or remand the ALJ's decision (ECF No. 12-4).  Claimant's letter asserted that the ALJ committed reversible error in finding that *res judicata* applies because new and material evidence has been added to

---

[4]  Claimant asserts that she obtained counsel in July 2011 (ECF No. 12-4).
[5]  The  Office of Disability Adjudication and Review (ODAR) is responsible for holding hearings, issuing decisions and reviewing appeals as part of the Social Security Administration's process for determining whether or not a person may receive benefits.

the file since the prior determination.  (*Id.*)   The record contains a Notice of Appeals Council Action denying Claimant's Request for Review that is dated February 12, 2013.   The Notice stated that "We found no reason under our rules to review the Administrative Law Judge's dismissal.  Therefore, we have denied your request for review."

Subsequently, Claimant filed a Complaint before the district court on April 14, 2014, requesting this Court vacate the Appeals Council's Action dated February 12, 2013 denying Claimant's request for review and remand the matter for a hearing (ECF No. 2).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2014).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant

4

establishes a *prima facie* case of disability.  *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th

Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other

forms of substantial gainful activity, considering claimant's remaining physical and mental

capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f),

416.920(f) (2014).  The Commissioner must show two things: (1) that the claimant, considering

claimant's age, education, work experience, skills and physical shortcomings, has the capacity to

perform an alternative job, and (2) that this specific job exists in the national economy.

*McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

### *Res judicata*

The ALJ's Order of Dismissal is dated June 6, 2013.  The ALJ dismissed Claimant's

request for a hearing based upon the doctrine of *res judicata.*  However, the Notice of Appeals

Council Action denying Claimant's Request for Review is dated February 12, 2013. The Appeals

Council's denial dated February 2013, must be in error because the Appeals Council's denial

should have come after the ALJ's Order of Dismissal on June 2013. Relying on the incorrect

dates, Defendant's Motion to Dismiss Plaintiff's Complaint asserts that on February 12, 2013,

the Appeals Council denied Claimant's Request for Review of the ALJ's Order dated June 6,

2013 (ECF No. 9).   As the dates presented by Defendant cannot possibly be accurate, the

undersigned cannot determine when or if a "final decision" was rendered by the Commissioner.

### Defendant's Motion to Dismiss

Defendant asserts that because Claimant's July 25, 2011, second claim was denied by the

Administrative Law Judge (ALJ) under the *res judicata* doctrine, "the Commissioner has not

issued a 'final decision'" (ECF No. 9).   Defendant asserts that because the ALJ did not hold a

hearing, there has been no "final decision" for the Appeals Council to review.  Therefore, Defendant asserts that this court lacks jurisdiction over the matter.

Claimant's Opposition

Claimant asserts that she has timely requested that her second claim be reopened and that new and material evidence gives Defendant good cause to vacate the Order of Dismissal, reopen the first claim and schedule a hearing  (ECF No. 12-3).

Discussion

Section 405(g) provides for judicial review of unfavorable administrative decisions on claims arising under the Social Security Act, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him [or her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

In *Califano v. Sanders*, 430 U.S. 99 (1977), the Supreme Court considered the case of a Social Security claimant who filed a second claim for disability benefits almost seven years after his first claim had been finally denied.  An ALJ concluded that the claimant's evidence was "merely repetitious and cumulative," denied reopening and dismissed the claim.  *Id.*, 430 U.S. at 103.

Consistent therewith, in *McGowen v. Harris*, 666 F.2d 60 (4th Cir. 1981), the Fourth Circuit published a comprehensive opinion on subject matter jurisdiction, *res judicata* and the reopening of subsequent claims for Social Security benefits.  The *McGowen* opinion sets forth nine principles concerning administrative *res judicata* drawn from decisions, statutes and regulations.

With respect to the issues before this court in the instant case, the court in *McGowen* set forth the following principles, quoted in pertinent part with citations omitted, as follows:

1.  The combined effect of 42 U.S.C. § 405(g) and (h) is to establish a power in the Secretary to deny any social security claim on the basis that it has earlier been denied on the merits by a final administrative decision, i.e., to apply administrative *res judicata* in bar.

2.  An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought.

3.  When, following any final administrative decision denying a claim on the merits a claimant files a subsequent claim, the Secretary may properly apply administrative *res judicata* in bar only if it is the "same" claim earlier denied. Whether it is the same claim must necessarily be determined according to general principles of *res judicata* respecting the scope of a claim for purposes of merger and bar as adapted to the social security claim context.  Even though it is the same claim, the Secretary may nevertheless, within time limits and for "good cause" shown, reopen the claim and consider it on the merits, with or without new evidence.

4.  Assuming that the same claim is involved, and unless a constitutional objection to applying *res judicata* is raised in the district court, the district court is without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review either of a decision by the Secretary not to reopen the claim, or to apply administrative *res judicata* as a bar to it.

5.  On the other hand, if administrative *res judicata* has been applied in bar of a subsequent claim which, properly assessed, is not the same for *res judicata* purposes, jurisdiction to engage in judicial review exists.  In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively.   In consequence the Secretary's decision denying the claim was one as to which the claimant was entitled to a hearing and hence, to judicial review of the denial.

6.  By the same token, even though the subsequent claim is the same claim for *res judicata* purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989.  In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial.  See *Farley v. Califano*,

599 F.2d 606 (4th Cir. 1979).

      7. From this it is evident that upon a challenge to its jurisdiction on the basis that administrative *res judicata* has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether *res judicata* has properly been applied, or whether, though *res judicata* might properly have been applied, the claim has nevertheless been reopened.  In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction.  If the court determines that jurisdiction exists either because administrative *res judicata* was not properly applied, or because the denied claim has been either formally or by legal implication reopened, it may then of course judicially review the Secretary's final decision denying the claim.

      8. In order to make this jurisdictional determination, the district court must have before it a record sufficient to determine the scope of the successive claims for *res judicata* purposes, or to determine whether the claim, though subject to administrative res judicata, has in fact been administratively reopened to any extent.  This may well require that the entire administrative record be made a part of the district court record, but not necessarily.  If the identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis.

      9.  The district court is obviously free to make its independent determination, subject to appellate review, of the jurisdictional questions, including the scope of successive claims for *res judicata* purposes and whether a denied claim has been administratively reopened, without regard to any determinations or assertions by the Secretary respecting those matters.

*McGowen*, 666 F.2d at 65-66.

The Fourth Circuit has held *res judicata* may exist when an administrative determination is reached without a hearing.  *Leviner v. Richardson*, 443 F.2d 1338; 1971 U.S. App. LEXIS 9731 (June 8, 1971).  The Fourth Circuit held that before decisions from previous cases bar later proceeding, the district court must conduct further proceedings to determine whether *res judicata* is applicable under the facts of the case.  *Id.*

Commissioner regulations found in 20 C.F.R. §§ 404.905 and 404.909 state, in part, that an initial determination is binding unless reconsideration is requested within 60 days after the date you receive notice of the initial determination.  An ALJ may decide that there is cause to

dismiss a hearing request based on the doctrine of *res judicata*. *Res judicata* applies if the Commissioner has made a previous determination or decision about a claimant's rights on the same facts and on the same issue or issues, and the previous decision or determination has become final by either administrative or judicial action. *See* 20 C.F.R. § 404.957.

A determination on reconsideration is binding on the parties unless a hearing before an ALJ is requested. *See* 20 C.F.R. § 404.921. The decision of an ALJ is binding on all parties to the hearing unless the following:

- A review by the Appeals Council is timely requested and the Appeals Council reviews the case;
- A review by the Appeals Council is timely requested but the Appeals Council denies the request and a party seeks judicial review by filing an action in Federal District Court;
- The decision is revised by an ALJ or the Appeals Council;
- The appeals process is expedited;
- The decision is a recommended decision directed to the Appeals Council; or
- A Federal Court remands the case to the Appeals Council. *See* 20 C.F.R. § 404.955.

The dismissal of a request for Appeals Council review is binding and not subject to further review. *See* 20 C.F.R. § 404.972. A decision or determination made in the administrative review process in which a request for review was not timely made becomes "final and binding" unless the final determination or decision is reopened. *See* 20 C.F.R. § 404.987. A decision or determination may be reopened for good cause. The Commissioner will find that good cause exists if:

- New and material evidence is furnished;
- A clerical error in the computation or recomputation of benefits was made; or
- The evidence that was considered in making the determination or decision clearly shows on its face that an error was made. *See* 20 C.F.R. §§ 404.988, 404.989.

In *Leviner*, the claimant filed suit with additional evidence in the district court after the Appeals Council declined to alter a hearing examiner's decision denying the claimant's application for DIB. The district court remanded the case to the Commission for hearing. The

Commissioner appealed the decision to the Fourth Circuit. The Fourth Circuit held that "The sole legal question in this case is whether the doctrine of *res judicata* is applicable where no hearing was requested on the prior claim so that the [Commissioner's] determination became final without a hearing." *Id.* The court cited *Grose v. Cohen*, 406 F.2d 823 (4th Cir. 1969) (dictum), stating that "practical reasons may exist for refusing to apply [*res judicata*]" and "when traditional concepts of *res judicata* do not work well, they should be relaxed or qualified to prevent injustice." 406 F.2d at 825. The Fourth Circuit held that under the regulations an administrative determination may be reopened within 4 years upon a finding of good cause and that good cause includes furnishing new and material evidence "of sufficient weight that it may result in a different determination." *Id*, at 1343. In *Leviner*, additional statements[6] were proffered within 4 years of the denial of the claimant's application. The Court remanded the case for further proceedings to determine if the additional evidence proffered was "new and material evidence" sufficient to result in a different determination.

The undersigned respectfully recommends the District Judge remand the current matter for hearing before an ALJ to consider if the additional evidence submitted by Claimant contains "new medical records from Princeton Community Hospital dated between March 27, 2001, and November 15, 2006, and from Bluefield Regional Medical Center (dated February 2, 2005), which were not previously considered," is sufficient to reopen Claimant's first claim. As the date on the Appeals Council's denial of Claimant's Request for Review of the ALJ's Notice of Dismissal is clearly an error and one which creates uncertainty as to the calculation of timeliness, this court recommends the District Judge remand the current application for hearing before an ALJ.

---

[6] HALLEX I-2-9-1 provides that upon reapplication, a claimant "may submit additional evidence or information which implies that the complainant is reopening and revision of [a prior] determination or decision."

<u>Conclusion</u>

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the District Court DENY Defendant's Motion to Dismiss (ECF No. 8), GRANT Claimant's Opposition to Defendant's Motion to Dismiss (ECF No. 12), DISMISS this matter from the court's docket and REMAND this case for further proceedings pursuant of 42 U.S.C. §405(g)[7]

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings be submitted to the Honorable Judge Irene C. Berger. Pursuant to the provisions of Title 28, United and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

---

[7] A court may order a remand under sentence 4 of § 205(g) of the Social Security Act, if the court decides that additional development and/or the evaluation of evidence is needed to make a decision in the case.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Date:   July 31, 2015.

Dwane L. Tinsley
United States Magistrate Judge